UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Jr. Federal
Bldg. & U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 776-7858

July 5, 2017

To:  Robert Faulkner
     32 Cambridge Road
     Verona, New Jersey 07044

     All counsel of record

## LETTER OPINION AND ORDER

RE:  **Robert Faulkner v. Manischewitz Co., et al.**
     **Civil Action No. 17-1984 (ES)(MAH)**

Dear Litigants:

Presently before the Court is Plaintiff pro se Robert Faulkner's motion for appointment of pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 2]. For the reasons set forth below, Plaintiff's motion is denied.

### Background

Plaintiff alleges that Defendants unlawfully terminated his employment and violated Title VII of the Civil Rights Act. Complaint, March 24, 2017, D.E. 1. Specifically, Plaintiff alleges that after being incarcerated on March 15, 2016 for a charge that was later dismissed, he was suspended on March 24, 2016. Id. On April 4, 2016 Defendants terminated Plaintiff. Id. Plaintiff alleges that he was unlawfully terminated based on his race. Id. Defendants contend that Plaintiff was terminated because he had been incarcerated for domestic violence and they have an obligation to provide a safe and harassment free work environment to all of their employees. Id. Defendants contend that they gave Plaintiff one week to bring in acquittal documentation for the domestic violence charge but Plaintiff never returned. Id. Plaintiff seeks $25,368 in actual damages due to alleged lost wages, as well as for pain and suffering. Id.

On March 27, 2017, Plaintiff filed this motion for pro bono counsel [D.E. 2]. In his motion, Plaintiff argues that he is entitled to appointed counsel because: (1) he cannot afford to hire an attorney on his own; (2) the legal issues alleged are too complex for him to understand; and (3) he

1

lacks the knowledge of the Rules of Evidence that is required for such a complex legal issue.  See Motion to Appoint Pro Bono, March 27, 2017, D.E. 2.

**Discussion**

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e).  Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)).  Appointment of counsel may be made at any point in the litigation, including *sua sponte* by the Court.  Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

In the Third Circuit, a court considers the framework established in Tabron.  Montgomery, 294 F.3d at 498-99.  Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law."  Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155).  If the applicant's claim has some merit, the Court considers the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457-58 (citing Tabron, 6 F.3d at 155-56, 157 n.5).  This list is not exhaustive, but provides guideposts for the Court.  Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457).  A court's decision to appoint counsel "must be made on a case-by-case basis."  Tabron, 6 F.3d at 157-58.  Also, the Court of Appeals for the Third Circuit has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  Montgomery, 294 294 F.3d at 499 (Parham, 126 F.3d at 458).

Here, with respect to the first Tabron prong, the Court assumes that Plaintiff's claim has merit for purposes of this application.  Nevertheless, consideration of the Tabron factors does not demonstrate that appointment of counsel is warranted at this time.

First, Plaintiff appears to be able to present his case.  When considering ability to present a case, courts generally consider a plaintiff's "education, literacy, prior work experience, and prior litigation experience."  Tabron, 6 F.3d at 156.  Based upon the present record, Plaintiff has demonstrated a basic understanding of the actions he should take in furtherance of his claim.  Based upon the allegations and the facts from which they arise, and because "the factual and legal issues 'have not been tested or developed by the general course of litigation'" in a way that shows any level of complexity, Plaintiff has not demonstrated an inability to present his case.

2

Burns v. Taylor, Civ. No. 08-4234, 2008 U.S. Dist. LEXIS 83809, at *3 (D.N.J. Oct. 9, 2008) (quoting Chatterjee v. Philadelphia Federation of Teachers, 2000 U.S. Dist. LEXIS 10278, at *1 (E.D. Pa. July 18, 2000)). For these reasons, this factor weighs against appointment of counsel.

Second, Plaintiff's claims do not involve complex legal issues. Complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156 (quoting Macklin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)); accord Montgomery, 294 F.3d at 502. Courts also consider "the proof going towards the ultimate issue and the discovery issues involved." Parham, 126 F.3d at 459; see also Montgomery, 294 F.3d at 502-03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised plaintiff's case). Here, appointment of counsel is not warranted because the factual and legal issues involved in the case are not complicated. Plaintiff provides no explanation in his pro bono application regarding why he believes his claims contain complex legal issues. Accordingly, the second Tabron factor weighs against Plaintiff because it does not appear that his claims present complex legal issues.

Third, there is no indication that Plaintiff lacks the ability to conduct a factual investigation without the assistance of counsel. Nothing suggests that discovery in this case would be complicated or unduly burdensome. The claims appear to involve a relatively discreet set of facts, many of which Plaintiff presumably has personal knowledge, or at a minimum, is equipped to investigate. If this case proceeds, Plaintiff will have access to the discovery tools in the Federal Rules of Civil Procedure to investigate his claims as well as any defenses or counterclaims. See Fed. R. Civ. P. 26. Thus, the third Tabron factor also weighs against appointment of counsel.

Fourth, the Court concludes that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the Court of Appeals for the Third Circuit has specified that "when considering this factor, courts should determine whether the case [is] solely a swearing contest." Parham, 126 F.3d at 460. At this early stage of the litigation, it is clear that this case is likely to become a case that rests on credibility determinations because it is Plaintiff's word against Defendant's word. Accordingly, this factor weighs in favor of appointment of counsel.

Fifth, there is no indication that any expert testimony will be required at trial. Plaintiff's allegations of Defendants' violations of Title VII of the Civil Rights Act would be understandable to a lay person without the assistance of an expert. See, e.g., Montgomery, 294 F.3d at 504 (holding "expert testimony is necessary when the seriousness of the injury or illness would not be apparent to a lay person."). Thus, the fifth Tabron favor does not favor appointment.

Sixth, Plaintiff has indicated his inability to afford counsel although this factor alone is an insufficient reason to appoint counsel. Plaintiff has provided the Court with financial records upon which to determine his lack of financial means. Plaintiff has also provided the court with a detailed list of required expenses. Plaintiff has described several attempts to retain counsel on his

own. This evidence of his efforts to obtain counsel weighs in favor of appointment of counsel at this time.

This record does not meet most of the Tabron factors, and, therefore, the Court finds that appointment of pro bono counsel is inappropriate at this time. Cf. Parham, 126 F.3d at 461 (finding appointment appropriate where most factors are met). For all the reasons set forth above, the Court denies Plaintiff's motion for the appointment of pro bono counsel without prejudice.

## Conclusion

A balancing of the factors set forth above does not weigh in favor of granting Plaintiff's request for counsel at this time. Therefore, Plaintiff's motion for the appointment of pro bono counsel [D.E. 2] is denied without prejudice.

So Ordered,

*/s Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**